UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ADAM HERNANDEZ,<br><br>        **Plaintiff,**<br><br>v.<br><br>SIEMENS CORPORATION,<br><br>        **Defendant.** | CIVIL ACTION NO.: 5:16-cv-539-XR |

**DEFENDANT SIEMENS CORPORATION'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
(With Supporting Authorities)

Siemens Corporation ("Siemens") respectfully asks the Court to dismiss plaintiff Adam Hernandez's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.    INTRODUCTION**

    **A.**    **Statement of uncontested facts.**

Plaintiff filed this action, alleging that he was "severely injured" on February 8, 2014 by an MRI machine that was "defectively designed, manufactured and marketed" by Siemens. (Pl.'s Orig. Pet. 2.) Plaintiff alleged no other facts about the incident or any alleged conduct of Siemens giving rise to the suit—no facts about the location of the alleged incident (which hospital), the treatment during which the alleged incident occurred, or the nature of the alleged injuries. (*See generally id.*) Upon this bare recitation, Plaintiff asserts claims "under common law negligence and gross negligence per CPRC 41.001(11)(A) and (B) Restatement (Second) of

Torts as adopted by the Texas Supreme Court in 1969–1971 and CPRC 82.001–82.005 inclusively and under the product liability law of Texas." (*Id.*)

Siemens removed the case to this Court based on diversity jurisdiction.

**B.     Other background.**

Plaintiff identifies an incorrect party (Siemens Corporation) as defendant in this action. Further, the alleged injury at issue occurred on February 7, 2014, not February 8, 2014 as alleged. Therefore, the original petition was filed *more* than two years after the injury. Here, Plaintiff 1) sued the wrong entity, 2) after the statute of limitations had run.

Siemens now moves the Court to dismiss Plaintiff's claims as inadequate to state a claim upon which relief may be granted.

**II.    ARGUMENT AND AUTHORITIES**

**A.     The Federal Rules of Civil Procedure and *Iqbal* / *Twombly* govern the sufficiency of Plaintiff's Original Petition.**

To state a claim upon which relief can be granted, a plaintiff must do more than recite the elements of a cause of action and declare them to be met. Rather,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This standard applies when, as here, the defendant moves to dismiss in federal court following removal—even if the plaintiff has not amended his original state-court petition. *See Itzep v. Academy, Ltd.*, No. A-12-CV-197-LY, 2012 WL 1965669, *3 (W.D. Tex. May 30, 2012) (federal district courts routinely apply *Iqbal* "to motions to dismiss in cases removed from state court and in which the pleadings have not

2

been amended"); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty*, 415 U.S. 423, 437 (1974) ("once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal"); *Olaoye v. Wells Fargo Bank, NA*, No. 4:11-CV-772-Y, 2012 WL 1082307, at *1–2 (N.D. Tex. Apr. 2, 2012) (applying Fed. R. Civ. P. 8 and 12(b)(6) to removal action); *Myers v. Bank of Am., N.A.*, No. 4:11-CV-457, 2012 WL 1107687, at *2–3 (E.D. Tex. Mar. 31, 2012) (same); *cf Provident Fin. Inc. v. Strategic Energy L.L.C.*, 404 F. App'x 835, 840 (5th Cir. 2010) (holding "the Federal Rules of Civil Procedure govern how a party must plead [state-specific defenses] in federal court.")[1]

### B.   *Iqbal* / *Twombly* require the allegation of <u>facts</u>, not just a bare recitation of elements.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "[A] complaint must include factual allegations plausibly establishing all elements required for the particular legal theory." *Kan v.*

---

[1] *But see Johnlewis v. U.S. Bank, Nat'l Ass'n*, Civil Action No. H-12-3360, 2013 WL 5304050, * 3 (S.D. Tex. Sept. 20, 2013) (applying Texas pleading standard in context of motion to dismiss).

*OneWest Bank, FSB*, 823 F. Supp. 2d 464, 469 (W.D. Tex. 2011) (citing *Iqbal*, 556 U.S. at 682–83).

"'Conclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); see also *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 443 (W.D. Tex. 2013) (citing *Iqbal*, 556 U.S. at 678). "Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead 'specific facts, not mere conclusory allegations.'" *Prewitt*, 927 F. Supp. 2d at 443 (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)); see also *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

### C. Plaintiff's purported claims against Siemens are inadequate under *Iqbal* / *Twombly*, and the Court should dismiss them under Rule 12(b)(6).

In support of his claims, Plaintiff alleges that, on February 8, 2014, he received undisclosed medical treatment for an undisclosed injury at an undisclosed hospital. He alleges that an MRI machine "designed, manufactured and marketed" by Siemens "severely injured" him in an undisclosed manner, "causing the severe [undisclosed] damages sought in this lawsuit." Plaintiff alleges no other substantive facts.

Upon this recitation, it is not possible to infer whether the alleged injury could support a "reasonable inference" of defect in the design or manufacture of the device at issue. Plaintiff merely alleges the conclusion that the device was "defectively designed, manufactured and marketed."

4

Further, it is impossible to infer even whether it is in the realm of possibilities for Plaintiff's undisclosed injury to be caused by an MRI machine. Plaintiff merely alleges the word "injury" and the word "damages."

Plaintiff's allegations barely qualify as labels and conclusions, and they do not even approach a "formulaic recitation of the elements" which would be inadequate under the Federal Rules and *Iqbal / Twombly*. For example, Plaintiff's claim under CPRC 41.001(11)(A)–(B) requires specific facts plausibly establishing that Siemens's conduct involved "an extreme degree of risk" and that Siemens had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] with conscious indifference to the rights, safety, or welfare of others." There are no allegations of Siemens conduct whatsoever, so it is not possible to support the thinnest inference of negligence or gross negligence.

Further, Plaintiff's omnibus, undifferentiated claims under "CPRC 82.001–82.005 inclusively" require allegation of specific facts *plausibly establishing* that: Siemens had a duty to "indemnify a seller" (§ 82.002); Siemens is liable as a non-manufacturing seller (§ 82.003); the MRI machine at issue is "inherently unsafe" (§ 82.004); and the MRI machine at issue contained a design defect that was "a producing cause of the personal injury" and for which there was a "safer alternative design" (§ 82.005). Plaintiff does not identify the seller Siemens allegedly had a duty to indemnify under § 82.002, or that Plaintiff would have standing to assert claims on behalf of that unnamed seller. Plaintiff does not allege facts showing that Siemens is a non-manufacturing seller under § 82.003. Plaintiff does not allege facts showing that the MRI machine at issue poses any risk to anyone, let alone that it is "inherently unsafe" under § 82.004. And Plaintiff does not allege any facts even suggesting that the MRI machine's design was defective, that the alleged defect caused his injury, or that there was a safer alternative design

5

under § 82.005. Ultimately, Plaintiff does not allege facts sufficient to support an inference of <u>any</u> of the elements of these claims.

At best, Plaintiff "merely creates a suspicion [of] a legally cognizable right of action" through vague placeholders—an unidentified "injury," unidentified "cause," and unidentified "damages"—along with haphazard citations to questionable statutes, unidentified sections of the Restatement of Torts, and "the product liability law of Texas." This does not provide the grounds of Plaintiff's right to relief, and it does not "raise [Plaintiff's] right to relief above the speculative level."

## III. CONCLUSION

The only facts Plaintiff offers for the Court to "accept as true" in its threshold analysis are conclusory placeholders and barely-there recitations of incomplete elements. That is not enough. "[A] complaint must include factual allegations plausibly establishing all elements required for the particular legal theory." *Kan*, 823 F. Supp. 2d at 469 (citing *Iqbal*, 556 U.S. at 682–83). Plaintiff's Original Petition fails to meet the requirements of Federal Rule of Civil Procedure 8(a), and therefore Siemens requests dismissal of Plaintiff's claims under Rule 12(b)(6).

Dated:  June 20, 2016                              Respectfully submitted,

                 **BOWMAN AND BROOKE LLP**


                 By: *s/ Damon J. Brinson*
                   Damon J. Brinson
                   W.D. Tex. I.D. 0389956
                   Texas State Bar No. 24100062
                   damon.brinson@bowmanandbrooke.com

                 2901 Via Fortuna, Suite 500
                 Austin, TX 78746
                 Tel:  512-874-3800
                 Fax:  512-874-3801

                 **ATTORNEYS FOR DEFENDANT SIEMENS CORPORATION**


## CERTIFICATE OF SERVICE

  I hereby certify pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5 that this document was served electronically through the Court's ECF system on June 20, 2016, on the following counsel of record:

Newton B. Schwartz, Sr.
1911 Southwest Freeway
Houston, TX  77098
Tel: 713-630-0708
Fax: 713-630-0789
nbs@nbslawyers.com
*Co-Counsel for Plaintiff*


and on the following counsel of record via e-mail and certified mail, return receipt requested:

Benton Musslewhite, Sr.
5110 San Felipe St., Room 125W

7

Houston, TX  77056
Tel: 832-656-1637
Fax: 713-630-0789
bentonmusslewhite@gmail.com
**Lead Attorney for Plaintiff**

Vincent K. Lo
Mabel Lee-Lo
1911 Southwest Freeway
Houston, TX  77098
Tel: 713-630-0708
Fax: 713-630-0789
nbs@nbslawyers.com
**Co-Counsel for Plaintiff**

*s/ Damon J. Brinson*
Damon J. Brinson