UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADAM HERNANDEZ *Plaintiff*, v. SIEMENS CORPORATION, *Defendant*, | § § § § § § § § § § § § § § | Civil Action No. SA-16-CV-539-XR |

## ORDER

On this date, the Court considered Defendant Siemens Corporation's Motion to Dismiss (Docket no. 4), Plaintiff Adam Hernandez's Motion to Continue (Docket no. 16), and Plaintiff's Motions for Leave to File Amended Complaint and to Join Defendants (Docket nos. 9, 14, 15). After careful consideration, Defendant's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff's Motion to Continue (Docket no. 16) and Motions for Leave to File Amended Complaint (Docket nos. 9, 14, 15) are DENIED.

## BACKGROUND

**I.   Facts[1]**

Plaintiff Adam Hernandez alleges that in February 2014, he was in Metropolitan Methodist Hospital in San Antonio "for medical treatment of an injury." Docket no. 1 at 16. He claims that while being treated, he received an MRI from a machine designed, manufactured, and

---

[1] The facts set forth in this order are taken from Hernandez's original complaint, Docket no. 1 at 16–18, and his proposed amended complaint, Docket no. 9. Hernandez seeks leave to amend his original complaint to add new defendants, but the proposed amended complaint suffers from the same deficiencies as the original complaint—it fails to allege specific facts supporting a cause of action. For this reason, the Court considers the factual allegations of both complaints but denies Hernandez's Motions for Leave to Amend, Docket nos. 14, 15.

1

marketed by Siemens. *Id*. at 17. His complaint says that he was "severely injured" by the MRI machine, which was "defectively designed, manufactured and marketed." *Id*. at 17. He describes these injuries in his proposed amended complaint as "burns per attach medical records showing such injuries sustained at and immediately after the occasion of the Siemens MRI machine['s] use on him,"[2] and says that these burns caused "severe permanent, painful, and disabling personal injuries resulting in damages sought in this lawsuit" Docket no. 9 at 2–3.

## II.  Procedure

Hernandez filed his original complaint in the 225th Judicial District Court of Bexar County on February 8, 2016. Docket no. 1 at 16. He alleged causes of action for negligence and gross negligence as defined in TEX. CIV. PRAC. & REM. CODE § 41.001(11), negligence under "Restatement (Second) of Torts as adopted by the Texas Supreme Court in 1969-1971," and products liability under TEX. CIV. PRAC. & REM. CODE §§ 82.001–.005. *Id*. at 17.

Siemens removed the action to this Court on the basis of diversity on June 13. *Id*. at 1–4. On June 20, Siemens filed its Motion to Dismiss. Docket no. 4. Hernandez filed no further pleadings until 16 days later when, on July 6, he filed a number of motions. Docket nos. 6–10. Hernandez sought leave to join as defendants additional corporate entities associated with Siemens, and leave to amend his complaint to reflect the joinder of these defendants. Docket nos. 6, 7, 9. The proposed amended complaint adds these defendants and includes minor stylistic changes that do not materially alter the underlying factual or legal allegations. Docket no. 9; *see also supra* footnote 1. In addition, Hernandez filed a motion to continue, seeking to postpone a ruling on Siemens' motion to dismiss. Docket no. 10. Because none of these three motions

---

[2] The only attachment to the proposed amended complaint is what appears to be a billing record from Metropolitan Methodist Hospital, listing the types of treatments and services administered to Hernandez. Docket no. 9-1. Included on this list is an MRI, but there is no description of the procedure or any alleged injuries suffered by Hernandez. *Id*.

2

contained the required proposed order, Hernandez refiled identical copies of them on July 8 with proposed orders attached. Docket nos. 14–16. Siemens then filed a reply to the motion to continue, treating it as an untimely response to the motion to dismiss, Docket no. 17, along with a response to Hernandez's motions for leave, Docket no. 18.

## DISCUSSION

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Under this standard, a party will survive a motion to dismiss by raising "'a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

### II. Analysis

As an initial matter, the Court will address the timeliness of Hernandez's response to the motion to dismiss. Siemens' motion was filed on June 20. Docket no. 4. Hernandez's response

3

was due on July 5. W.D. TEX. CIV. R. CV-7(e)(2); FED. R. CIV. P. 6. Hernandez did not file anything by this deadline. On July 6, however, he filed his motion for a continuance regarding the motion to dismiss. Docket nos. 10, 16. Though styled as a motion to continue, this motion addresses the merits of the motion to dismiss, and will be treated as a response. Moreover, because it was filed after the July 5 deadline, it is untimely, and the Court need not consider it. Still, regardless of whether it is considered, Siemens' motion to dismiss should be granted.

Siemens' argues that the complaint does not allege sufficient facts to support a cause of action. Docket no. 4. In particular, Siemens argues that the only facts alleged by the complaint are that Hernandez was injured, that this injury was caused by the MRI machine, and that the MRI machine was defective. *Id*. at 4. Otherwise, Siemens characterizes Hernandez's allegations as "barely qualify[ing] as labels and conclusions" that "do not even approach a 'formulaic recitation of the elements' which would be inadequate under the Federal Rules and *Iqbal / Twombly*." *Id*. at 5.

Hernandez's allegations do not state a claim. As Siemens correctly points out, the factual allegations in the complaint are bare—the only material factual allegations in the complaint are that Hernandez was burned by a defective MRI machine manufactured by Siemens. The original complaint contains nothing more, while the proposed amended complaint recites statements of law interspersed with conclusory references to Siemens. *See, e.g.,* Docket no. 9 at 6 ("Alternatively, '*res ipsa loquitur*' is pled because such MRI product was at all times exclusively in the exclusive design, manufacture, possession and control of one or more of the two Siemens defendants until and/or continuing after its sale or lease, or delivery to Metropolitan Methodist Hospital and under Siemens sole inspection, maintenance, and control thereafter."); *see also id*.

at 4–5. These allegations do not state a cause of action because at best, they are "labels and conclusions" which do not satisfy federal pleading standards. *Twombly*, 550 U.S. at 555.

In a similar vein, Hernandez's bare factual allegations, even if they alone could support certain elements of a cause of action, do not address all elements of the causes of action that Hernandez asserts. For example, with respect to his products liability claim, Hernandez does not include any allegations or facts relating to the existence of a safer alternative design, which is an essential element of that claim. TEX. CIV. PRAC. & REM. CODE § 82.005(a)(1). Similarly, on his negligence claims, Hernandez makes no allegations of conduct on the part of Siemens that indicates a subjective awareness of an extreme degree of risk. TEX. CIV. PRAC. & REM. CODE § 42.001(11). From this perspective, Hernandez's allegations do not even amount to a "formulaic recitation of the elements of a cause of action" because they do not formulaically recite all of the elements of his causes of action.

Hernandez, in his motion to continue, argues that the motion to dismiss is premature. Docket no. 16. Hernandez argues that he cannot be "expected to know or be able to identify or obtain the serial number and other identifications of what he believed to be the Siemens manufactured, designed, and/or marketed magnetic resonance imaging machine (MRI) which caused his injuries." *Id*. As such, he argues that a ruling on Siemens' motion to dismiss is premature until Siemens responds to certain discovery requests that will enable him to amend his complaint. *Id*. at 2–3.

The Court is cognizant of the fact that this is a products liability case, which the Fifth Circuit has recognized as an "area of law where defendants are likely to exclusively possess the information relevant to making more detailed factual allegations." *Flagg v. Stryker Corp.*, 647 F. App'x 314, 318 (5th Cir. 2016). In *Flagg*, the plaintiff sued the manufacturers of a toe implant

5

under Louisiana products liability law based on his allegation that his implants broke a year after they were implanted. *Id*. at 315. The plaintiff's complaint set forth a number of ways that the manufacturers' "defective and unreasonably dangerous product" caused his injuries, including that their shape and sizing was prone to breaking, that other materials had a better product life, and that the design and materials of the implant were adversely affected by the plaintiff's body temperature once implanted. *Id*. at 317. The Fifth Circuit reversed the district court's 12(b)(6) dismissal of the plaintiff's defective design claims. *Id*. at 317–19. The Court put heavy stock in the plaintiff's allegations of "precisely how the product failed and how that failure caused his injury" because they allowed it to "'draw the reasonable inference that the [manufacturers] are liable for' the damage [the plaintiff] suffered." *Id*. at 318 (quoting *Iqbal*, 556 U.S. at 678). In a broader sense, the Court recognized that the manufacturer in products liability cases is often the party in control of the evidence, which can distinguish the discovery sought in these cases from the "fishing expeditions" that *Twombly* and *Iqbal* were meant to prevent. *Id*. at 318–19.

  Even taking note of *Flagg*'s generous view of discovery in a products liability case, Hernandez's original and proposed amended complaints fail to state a claim. Unlike the plaintiff in *Flagg*, who set forth specific theories and facts explaining *how* the product was defectively designed, Hernandez makes only the conclusory allegation that the MRI machine *was* defectively designed without an explanation of the defect or how it caused his injury. *See Steen v. Medtronic, Inc.*, 310-CV-936-L, 2010 WL 2573455, at *2 (N.D. Tex. June 25, 2010) ("Plaintiff simply states that Defendant manufactured and sold a defective and unsafe product. Plaintiff makes no factual allegations showing *how* the pacemaker was 'defectively designed and unreasonably dangerous.'" (emphasis original)). Though a more relaxed view of the allegations may be appropriate in products liability cases, Hernandez's complaint is so bare and imprecise

that it fails to state a claim even with the benefit of this relaxed view. For these reasons, to the extent that Hernandez motion to continue is construed as a motion rather than a response, it is denied. Hernandez fails to state a claim, and Siemens' motion to dismiss should be granted as to the original and proposed amended complaints.

In light of these concerns over pleading and the control of evidence in products liability cases, however, the Court hereby grants Hernandez leave to file a new amended complaint within 14 days of this order. For the reasons discussed herein, his proposed amended complaint, Docket no. 9, is insufficient. Accordingly, should he desire to amend, he must draft a new complaint that addresses the Court's concerns over the factual sufficiency of his allegations. Any new complaint is due by **October 31, 2016**.

## CONCLUSION

Defendant Siemens Corporation's Motion to Dismiss (Docket no. 4) is GRANTED WITH LEAVE TO AMEND. Plaintiff Adam Hernandez's new amended complaint is due on **October 31, 2016**. Plaintiff's Motion to Continue (Docket no. 16) and Motions for Leave (Docket nos. 9, 14, 15) are DENIED.[3] This case is to remain open pending Plaintiff's filing of a new amended complaint.

It is so ORDERED.

SIGNED this 17th day of October, 2016.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Hernandez's Motions for Leave to file an amended complaint and to join new defendants are denied on the basis of the factual allegations in the proposed amended complaint. If Hernandez properly asserts a cause of action in his new amended complaint, the denial of these motions is without prejudice to his ability to seek joinder of additional Siemens defendants later on.