UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADAM HERNANDEZ, | | |
| **Plaintiff,** | | |
| v. | | CIVIL ACTION NO.: 5:16-cv-539-XR |
| SIEMENS CORPORATION and SIEMENS MEDICAL SOLUTIONS USA, INC., | | |
| **Defendants.** | | |

DEFENDANTS' MOTION TO STRIKE <u>AND</u>
MOTION TO DISMISS PLAINTIFF'S SECOND-AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM</u>
(With Supporting Authorities)

Defendants Siemens Corporation and Siemens Medical Solutions USA, Inc. (collectively "Siemens") respectfully ask the Court to:

1. Strike Plaintiff's "Supplemental Petition" (Docket no. 22) and Plaintiff's "Memorandum of Law" (Docket no. 21-4) under Fed. R. Civ. P. 12(f) and 15; and

2. Dismiss Plaintiff's claims in his Second-Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

### A. Statement of uncontested facts

#### 1. Procedural posture

On June 20, 2016, Siemens Corporation moved to dismiss Plaintiff's claims for failure to state a claim. Docket no. 4. In response, Plaintiff filed various motions to amend his complaint and add additional Siemens entities as defendants. Docket nos. 6–10, 14–16. On July 13, 2016, Siemens Corporation responded in opposition. Docket nos. 17–19.

In Siemens's response in opposition to Plaintiff's motions to add additional Siemens entities, Siemens filed a sworn declaration of James Bertrand, a Sales Executive with Siemens Medical Solutions USA, Inc., who declared under penalty of perjury that:

> Siemens Medical Solutions USA, Inc. ("SMS"), not Siemens Corporation, is the Siemens entity that sells and services MRI machines in the United States. If a hospital purchases a Siemens MRI in the U.S., the sale of that machine would be through SMS or one of its distributors. The MRI machines that SMS sells and services are not manufactured or sold by Siemens Corporation.

Docket no. 18-2.

On October 17, 2016, the Court granted Siemens Corporation's motion to dismiss for failure to state a claim, with leave to amend by October 31, 2016. Docket no. 20. The Court also denied Plaintiff's motions that sought leave to add the additional Siemens entities. *Id.* at 1, n.1.

On October 31, 2016, Plaintiff filed his Second-Amended Complaint against Siemens Corporation and Siemens Medical Solutions USA, Inc. (Docket no. 21), accompanied by a "Memorandum of Law" (Docket no. 21-4), medical records (Docket no. 21-3), an FDA webpage (Docket no. 21-1), and an online article (Docket no. 21-2). More than four hours after filing these documents, Plaintiff filed a "First Supplemental Petition to Plaintiff's Second Amended Original Petition." Docket no. 22.

Plaintiff did not move the Court for leave to file the "Memorandum of Law" or the "Supplemental Petition," and Plaintiff was not otherwise granted leave by the Court to file either of those documents.

### 2.    Plaintiff's factual allegations

In his Second-Amended Complaint, Plaintiff alleges that he received a burn injury on his left hip during an MRI procedure. Docket no. 21 at 2, 3–4; Docket no. 21-3 at 1. Plaintiff alleges that "Siemens' MRI machine posed risks to Plaintiff *as evidenced by his burns* directly and proximately received per attached medical records … and it is entirely unsafe and unfit as

2

defective; and each such defects were causally related to his … injuries." Docket no. 21 at 2 (emphasis added). Plaintiff further alleges that there was a recall of certain MRI machines by Siemens Medical Solutions USA, Inc. (*id*. at 3; Docket no. 21-1), but he does not allege that the recall is related to his allegations of defect or injury.[1]

Plaintiff alleges that "such injuries do not occur without being caused by the above one or more Siemens defendants, under *Res Ipsa Loquitur*." Docket no. 21 at 3. Finally, Plaintiff alleges that "*[b]ecause* Siemens' MRI machine was defectively designed, manufactured and/or marketed," it caused injury to Plaintiff. *Id*. at 4 (emphasis added).

### 3.    Plaintiff's medical records

Plaintiff attached a 14-page exhibit of (mostly) medical records to his Second-Amended Complaint. Docket no. 21-3. The exhibit's first three pages comprise a progress note related to a severe infection in Plaintiff's right arm ("abscess/cellulitis" requiring debridement and a wound vac). *Id*. at 1. In that examination, Plaintiff also reported left hip pain (*id*.), and his doctor diagnosed: "Left hip trauma – appears superficial, pt developed a bleb [blister] secondary to friction, will continue to monitor, if symptoms worsen will image the area and proceed accordingly ..." (*id*. at 3). The doctor noted that "pt [patient] agrees with the plan of care." *Id*. at 3. The relevant portion of the doctor's diagnosis:

---

[1] Further, Plaintiff's suggestion that this document is, in any way, relevant to this case is mistaken. At the appropriate time, Siemens will show that the issue described in this "recall" was discovered during the installation of a *single* system in a *single* facility (unrelated to the hospital at issue); the problem itself could not cause serious injury; and no other complaints were ever received.

ASSESSMENT - MEDICINE
Diagnosis/Assessment/Plan
Antecubital fossa ?abscess/cellulitis- cont iv abx, pain control, s/p I&d and wound vac placement, f/u cx.
DM2,UNC- monitor sugars and adjust insulin accordingly, sugars better controlled now
AKI- dc lasix/lisinopril, ivf, monitor renal function closely, have pharmacy adjust all meds per Cr CL, Creatinine continues to improve, cont to monitor BMP
Left hip trauma-appears superficial, pt developed a bleb secondary to friction, Will continue to monitor, if symptoms worsen will image the area and proceed accordingly, pain control plan of care d/w pt and family
ALso examined the pt infront of MS Emily, pt agrees with the plan of care, will increase norco to 2 tabs q 4 .
Electronically Signed by Swapna Ghattamaneni on 02/10/14 at 0012

*Id.* (highlights added).

Though Plaintiff's counsel refers to the 14-page exhibit as "medical records" (Docket no. 21 at 2, 3), the exhibit's fifth page is not a medical record. It is a print-out from Plaintiff's counsel's litigation management system with a handwritten note by an unidentified person claiming that "Client was injured at a MRI facility." *Id.* at 5. At the top-left of the print-out appears the "Case #: 201029 (B&M)," apparently referring to Plaintiff's counsel's firm Brown & Musslewhite Ltd., LLP. *Id.* Further, under "Party Information" appears a reference to Mr. Hernandez as "Our Client ☑" and his role as "Plaintiff." *Id.* The relevant portion of the litigation record:[2]



---

[2] Counsel's inclusion of a document from his own (or his referring attorney's) litigation system as a "medical record" is highly improper. Worse still, its self-serving note is offered as a "factual" allegation of injury, impliedly handwritten by a healthcare provider. Surely it will be described as a "mistake" in Plaintiff's response, but it is unbelievable that Plaintiff's counsel would confuse a litigation system document such as this with a medical record.

4

*Id.* (highlights added).

   The sixth page of the exhibit contains a "Final Report" from a physician who examined Plaintiff in response to Plaintiff's report of a "burn." *Id.* at 6. The doctor diagnosed Plaintiff's hip condition <u>not</u> to be a burn, but rather to be "Cellulitis [infection]" (*id.*), the same condition Plaintiff had at the time in his right arm (*id.* at 7 ("DX: Cellulitis" at right elbow)). The doctor noted that, as to Plaintiff's hip, the "visualized soft tissues appear radiographically normal." *Id.* The relevant portion of the diagnosis:



*Id.* (highlights added).

   Pages 8–13 relate to a brain MRI that plaintiff received a month after the alleged date of injury. *Id.* at 8–13. The records note a history of uncontrolled diabetes, diabetic neuropathy, right arm abscess, and diabetic foot ulcer. *Id.* at 11. They also note multiple right and left leg debridements, right arm fluid collection with wound vac, and right toe amputation. *Id.* Notwithstanding the multiple diagnoses that Plaintiff had cellulitis and <u>not</u> a "burn" on his hip, Plaintiff appears to have included this set of pages as evidence that his *sister* described his hip complaint to physicians at that time as a burn. *Id.* at 13.

5

Not once in all of the pages of this exhibit, does the word "burn" appear as a doctor's impression or diagnosis of Plaintiff's medical condition. In fact, <u>every</u> diagnosis in these pages shows that Plaintiff did not have a burn, but rather he had a friction blister on his left hip that— just like his right arm—became infected as "cellulitis," requiring debridement and a wound vac. The records further expressly show that Plaintiff "agreed" with the plan of care *under that diagnosis*.

### 4.    Plaintiff's causes of action

Plaintiff alleges claims for a "burn" to his hip under 1) negligence, 2) negligence per se, 3) gross negligence, and 4) "the statutory product liability law of Texas and strict product liability, common law and statute." Docket no. 21 at 4–5.

### B.    Other background

In his Second-Amended Complaint, Plaintiff alleges in error that "Defendant Siemens Corporation has appeared and answered" in this case. (*Id*. at 2.) No Siemens entity has "answered" in this case. Siemens has appeared only for the limited purpose of its motions to dismiss and related motions and responses.

Plaintiff further alleges in error that Siemens Medical Solutions USA, Inc. was "joined" on July 6, 2016. Plaintiff's motion to join Siemens Medical Solutions USA, Inc. on July 6, 2016 was denied by this Court on October 17, 2016. Docket no. 20 at 1, n.1.

### C.    Siemens's motions

Siemens now moves the Court to strike Plaintiff's "Supplemental Petition" as an express violation of Rule 15 and strike Plaintiff's "Memorandum of Law" as immaterial and impertinent under Rule 12(f).

Siemens further moves to dismiss the causes of action in Plaintiff's Second-Amended Complaint as inadequate to state a claim upon which relief may be granted on grounds that:

6

1) the materials attached to Plaintiff's complaint contain undisputed proof that he did not have the injury he alleges; 2) Plaintiff does not make any allegations against Siemens regarding the medical condition with which he was actually diagnosed; and 3) whether or not the "Supplemental Petition" or "Memorandum of Law" are stricken, Plaintiff's claims fail to meet the basic pleading requirements of Rule 8.

## II.   ARGUMENT AND AUTHORITIES

### A.   Plaintiff's Supplemental Petition violates Rule 15 and should be stricken.

Under Rule 15, Plaintiff is permitted to amend his pleading once as a matter of course only within 21 days after service of the original complaint or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). *See* FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*. at 15(a)(2). "The 21-day periods to amend once as a matter of course … are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Advisory Committee Notes on FED. R. CIV. P. 15 (2009 Amendments); *see also Brown v. Rodriguez*, No. SA-15-CA-396-PM, 2016 WL 1453500, at *14 n.139 (W.D. Tex. Apr. 12, 2016).

It is indisputable that Plaintiff's "Supplemental Petition" was filed more than 21 days after service of Plaintiff's original complaint and more than 21 days after service of Siemens's motion under Rule 12(b). Plaintiff did not have Siemens's written consent, and Plaintiff did not obtain the Court's leave to file the amendment. Plaintiff's "Supplemental Petition" is an express violation of Rule 15(a)(2), and Siemens respectfully asks the Court to strike it on that basis. *See Clewis v. Medco Health Solutions, Inc.*, 578 Fed. Appx. 469, 471–72 (5th Cir. 2014) (affirming

the striking of plaintiff's third- and fourth-amended complaints because they were filed without leave of court or defendant's consent).

Further, even if Plaintiff had moved the Court for leave to amend *(again)*—which he did not—"[i]n exercising its discretion the trial court may consider such factors as '… repeated failure to cure deficiencies by amendments previously allowed … (and) futility of amendment.'" *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This Court held that Plaintiff's Original Petition was inadequate under Rule 8, and it held equally that Plaintiff's "proposed amended complaint suffers from the same deficiencies as the original complaint—it fails to allege specific facts supporting a cause of action." Docket no. 20 at 1, n.1. As shown factually above and as further argued below, Plaintiff fails now in a *third* attempt to meet the basic pleading standard in this case. Siemens offers that this repeated failure, even considered independently of Plaintiff's violation of Rule 15(a)(2), is ample support for the Court's discretion to strike the amendment and dismiss the Complaint.

**B.    Plaintiff's Supplemental Petition and Memorandum of Law should be stricken as immaterial and impertinent under Rule 12(f).**

On motion made by a party within 21 days after being served with a pleading, the Court may strike from that pleading any "immaterial" or "impertinent" matter. *See* FED. R. CIV. P. 12(f)(2). District courts have broad discretion to strike immaterial and impertinent matter from pleadings. *In re Beef Indus. Antitrust Litig., MDL Docket No. 248*, 600 F.2d 1148, 1168 (5th Cir. 1979). "Many courts have properly stricken unnecessary evidentiary detail from pleadings." *Id.* (citing *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970); *Comm'r of Internal Revenue v. Licavoli*, 252 F.2d 268, 272 (6th Cir. 1958); *Mitchell v. Hart*, 41 F.R.D. 138, 143 (S.D.N.Y. 1966) (noting that it is proper to strike inadmissible evidentiary

details from a pleading)). "The district court's action will not be disturbed unless it was an abuse of discretion." *Id.*

### 1.    Plaintiff's "Supplemental Petition"

Plaintiff's "Supplemental Petition" contains inadmissible hearsay and hearsay-upon-hearsay from an unidentified person who allegedly "apologized" and "told him" various things, including what other unidentified people *said*, what other unidentified people *were told*, and what other unidentified people (and even the Hospital itself) "*thought*". Docket no. 22 at 1. Such inadmissible and unfounded statements are improper and unnecessary in the Complaint. They do not provide the requisite factual foundation to support Plaintiff's claims, and they do not remedy the factual deficiencies in the Second-Amended Complaint. Instead, they are immaterial and impertinent to Plaintiff's claims. Accordingly, they are properly stricken under Rule 12(f).[3] *See In re Beef Indus.*, 600 F.2d at 1168 (citing *Mitchell*, 41 F.R.D. at 143).

The "Supplemental Petition" also contains more of the redundant, formulaic, conclusory, and circular allegations that appear in each complaint and proposed complaint filed by Plaintiff in this matter. *E.g.*, Docket no. 22 at 2 ("the burning of Plaintiff, has shown that such MRI was not safe for use, but was defective as designed, built and/or maintained by Defendants, thus resulting in the burns of Plaintiff and the damages all as alleged"). These filler statements are nothing but empty logical fallacies: *because* Plaintiff was injured, the MRI machine was defective, and *because* the MRI machine was defective, it *caused* Plaintiff's injuries, and

---

[3] The "Supplemental Petition" also contains allegations that are absurd—for example, that "the Hospital had sent that MRI machine to Siemen's [sic] to be fixed." Docket no. 22 at 1. Depending on the model, an MRI can weigh over 18 tons and often requires a crane and the removal of walls to extract from a facility. The nonsensical suggestion that the MRI was "sent" to Siemens "to be fixed" is revealing of the other unsupported, unsworn "factual" allegations in the document.

therefore Defendant is liable. These statements have no place in a properly constructed complaint or a proper supplement.

On grounds that Plaintiff's "Supplemental Petition" contains only immaterial and impertinent matter that is insufficient to satisfy the basic pleading standards under Rule 8, Siemens respectfully asks the Court to strike it in its entirety under Rule 12(f).

### 2.       Plaintiff's "Memorandum of Law"

The "Memorandum of Law," which Plaintiff filed "in support of" his Second-Amended Complaint, contains eight pages of scattered citations to jury instructions, case law, statutes, and Restatements. Docket no. 21-4. It contains questions that it purports to answer through liberal, rote quotations of unidentified text. *Id.* at 1. It offers several pages of conclusory recitations of certain elements of Plaintiff's claims, and it proposes several legal definitions, again accompanied by extensive quotations of often unidentified text. *E.g., id.* at 4–6.

A substantial portion of the Memorandum is simply unintelligible. *E.g., id.* at 4 ("Negligent in MRI manufacturing, designing, warnings and/or instructions regarding use of the MRI the time it left Siemens and that negligence was a proximate cause of the occurrence and injury in question."); *see also id.* ("For Siemens to have been negligent, there must have been a defect in either the manufacturing, designing, warnings, or instructions.").

Where there are actual allegations against Siemens, they are—every one of them— conclusory. *E.g., id.* at 6 ("Siemens MRI diagnostic device is unfit for ordinary purposes for which such MRIs are used because of a defect. Such unfit condition was the proximate cause of the occurrence and injury in question.").

On grounds that Plaintiff's "Memorandum of Law" contains only immaterial, impertinent matter that, in no way, helps Plaintiff's Second-Amended Complaint satisfy the minimal pleading standards of Rule 8, Siemens respectfully asks the Court to strike it in its entirety under

10

Rule 12(f). To the extent the Memorandum may be deemed a "supplemental pleading" under Rule 15, Siemens asks the Court to strike it as an express violation of Rule 15(a)(2) because it was untimely filed without leave of Court or consent of Defendants.

**C.    With or without the "Memorandum of Law" or "Supplemental Petition," Plaintiff's second-amended claims against Siemens are inadequate under *Iqbal* / *Twombly*, and the Court should dismiss them under Rule 12(b)(6).**

**1.    The Federal Rules of Civil Procedure and *Iqbal* / *Twombly* require the allegation of <u>facts</u>, not just a bare recitation of elements.**

To state a claim upon which relief can be granted, a plaintiff must do more than recite the elements of a cause of action and declare them to be met. Rather,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citing 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "[A] complaint must include factual allegations plausibly establishing all elements required for the particular legal theory." *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 469 (W.D. Tex. 2011) (citing *Iqbal*, 556 U.S. at 682–83).

"'Conclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); see also *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 443 (W.D. Tex. 2013) (citing *Iqbal*, 556 U.S. at 678). "Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead 'specific facts, not mere conclusory allegations.'" *Prewitt*, 927 F. Supp. 2d at 443 (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

### 2. Plaintiff's claims are inadequate under Iqbal / Twombly, and therefore should be dismissed.

Plaintiff's allegations against Siemens in the Second-Amended Complaint are as follows. Siemens manufactured an MRI machine "which proximately caused and/or was causally related to" Plaintiff's "burn injuries" as documented in the attached medical records. Docket no. 21 at 2. The MRI machine "posed risks to Plaintiff *as evidenced by*" his "burn" injury. *Id*. (emphasis added). The MRI machine is "entirely unsafe and unfit as defective; and each such defects were causally related to" Plaintiff's injury. *Id*. at 2–3.

In its "Facts" section, the Second-Amended Complaint contains the following allegations. Plaintiff was prescribed and received an MRI under his doctors' supervision on February 8, 2014 at Metropolitan Methodist Hospital. *Id*. at 3–4. The MRI machine used was manufactured by Siemens. *Id*. "Because Siemens' MRI machine was defectively designed, manufactured and/or marketed," it injured Plaintiff "resulting in damages sought in this lawsuit." *Id*. at 4.

The "Causes of Action" section contains recitations of *some* elements of Plaintiff's claims, including many direct quotations of Texas statutory provisions as the recitations

themselves. *See id*. at 4–8. All allegations in this section are, at best, bare recitations, labels, and conclusions. *See id*. at 4–8. For example, Plaintiff alleges at paragraph 8:

> Per CPRC §82.008, the MRI product was not designed, manufactured, and/or marketed in full compliance with and/or in strict compliance with U.S. governmental agencies standards regarding and controlling the design, manufacture and/or marketing of said MRI products, if any, per the U.S. Food Drug and Cosmetic Act (FDA) and/or all other or the U.S. governmental regulatory agencies and/or services under issued U.S. Government Standards and U.S. governmental agencies as authorizing, inspecting, and regulating applicable to the MRI machine at the time of its manufacture, import into the U.S., and/or licensing for manufacture in the U.S. or otherwise applicable.

*Id*. at 6.

Upon the entire substance of Plaintiff's Second-Amended Complaint, it is not possible to infer whether the alleged injury could support a "reasonable inference" of defect in the design or manufacture of the device at issue. Plaintiff merely alleges, in different ways, the conclusion that the device was "defectively designed, manufactured and marketed."

Further, Plaintiff's own attached medical records establish that he did <u>not</u> sustain a "burn" as he alleges, but rather had a friction blister that became infected as "cellulitis"—just like his right arm at the time. Docket no. 21-3 at 3, 6. Plaintiff does not make any allegations against Siemens relating to any medical condition or diagnosis that is actually documented in the attached medical records.

Finally, even to the extent that Plaintiff's Second-Amended Complaint recites bare elements of certain claims, its recitations are incomplete. As this Court found in relation to Plaintiff's Original *and* proposed First-Amended Complaints, Plaintiff's allegations "do not address all elements of the causes of action that [he] asserts." Docket no. 20 at 5. As with the previous two complaints, Plaintiff does not include any allegations or facts relating to the existence of a safer alternative design, which is an essential element of his claim under TEX. CIV. PRAC. & REM. CODE § 82.005(a)(1). *Id.* And Plaintiff's claim under CPRC 41.001(11)(A)–(B)

13

requires specific facts plausibly establishing that Siemens's conduct involved "an extreme degree of risk" and that Siemens had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] with conscious indifference to the rights, safety, or welfare of others." There are no allegations of Siemens conduct at all to support this element, and so the Second-Amended Complaint cannot support the thinnest inference of negligence or gross negligence. *See* Docket no. 20 at 5. "From this perspective, Hernandez's allegations do not even amount to a 'formulaic recitation of the elements of a cause of action' because they do not formulaically recite all of the elements of his causes of action." *Id.*

Where Plaintiff did actually supplement the Second-Amended Complaint with new allegations beyond those in his Original and proposed First-Amended Complaints, he did so in purely conclusory fashion, apparently going item-by-item through section II.C of Siemens's Motion to Dismiss and pasting formulaic responses and citations to each issue raised there. *Compare* Docket no. 4 at 5–6, *with* Docket no. 21 at 4–8. Even the inadmissible hearsay-upon-hearsay and unfounded speculation in the "Supplemental Petition" does not remedy these deficiencies in the Second-Amended Complaint.

As occurred twice before, Plaintiff barely suggests the potential of a legally cognizable cause of action through vague placeholders—a 'burn' injury disproved by his own medical records, an unidentified "cause," an unidentified defect, unidentified conduct of Siemens, etc.— along with haphazard citations to rules, statutes, and Restatements. Plaintiff's Second-Amended Complaint does not provide the grounds of Plaintiff's right to relief, and it does not "raise [Plaintiff's] right to relief above the speculative level."

## III.    CONCLUSION

Despite the Court's generous, clear guidance to Plaintiff in its Order granting Siemens's Motion to Dismiss (Docket no. 20), Plaintiff's counsel now submits a *third* inadequate Complaint to this Court. Plaintiff's counsel has also filed *three* unnecessary motions related to those inadequate pleadings (Docket nos. 14, 15, & 16) to which Siemens had to respond (Docket nos. 18 & 19). Siemens respectfully submits that Plaintiff's repeated failures to cure deficiencies by amendments previously allowed, and the indisputable evidence in Plaintiff's medical records negating his alleged injury, demonstrate that any further amendment of these claims against Siemens is futile. *See Gregory v. Mitchell*, 634 F.2d at 203. Siemens respectfully asks the Court to dismiss Plaintiff's claims with prejudice.

Dated:  November 21, 2016                    Respectfully submitted,

BOWMAN AND BROOKE LLP

By:  s/ Damon J. Brinson
Damon J. Brinson
W.D. Tex. I.D. 0389956
Texas State Bar No. 24100062
damon.brinson@bowmanandbrooke.com

2901 Via Fortuna, Suite 500
Austin, TX 78746
Tel:  512-874-3800
Fax:  512-874-3801

**ATTORNEYS FOR DEFENDANT SIEMENS
CORPORATION**
**CERTIFICATE OF SERVICE**

I hereby certify pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5 that this document was served electronically through the Court's ECF system on November 21, 2016, on the following counsel of record:

17011964v1

Newton B. Schwartz, Sr.
1911 Southwest Freeway
Houston, TX  77098
Tel: 713-630-0708
Fax: 713-630-0789
nbs@nbslawyers.com
***Co-Counsel for Plaintiff***

and on the following counsel of record via e-mail and certified mail, return receipt requested, on November 21, 2016 (email) and November 22, 2016 (certified mail):

Benton Musslewhite, Sr.
5110 San Felipe St., Room 125W
Houston, TX  77056
Tel: 832-656-1637
Fax: 713-630-0789
bentonmusslewhite@gmail.com
***Lead Attorney for Plaintiff***

Vincent K. Lo
Mabel Lee-Lo
1911 Southwest Freeway
Houston, TX  77098
Tel: 713-630-0708
Fax: 713-630-0789
nbs@nbslawyers.com
***Co-Counsel for Plaintiff***

*s/ Damon J. Brinson*
Damon J. Brinson

17011964v1