FILED

NOV 27 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ADAM HERNANDEZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil No. SA-16-CV-00539-RCL** |
| **v.** | § | |
| | § | |
| **SIEMENS CORPORATION;** | § | |
| **SIEMENS MEDICAL SOLUTIONS** | § | |
| **USA, INC.** | § | |
| **Defendants.** | § | |

**Memorandum Opinion:**
**Denying Newton B. Schwartz's Motion to Withdraw as Counsel**
**Denying Plaintiff's Motion for a New Trial**
**Denying Defendants' Motion for Sanctions**

The Court has before it the following motions and all responses and replies thereto:

- Newton B. Schwartz, Sr. and Law Offices of Newton B. Schartz's Unopposed Renewed Motion to Withdraw as Additional Counsel of Record ("Motion to Withdraw"). (ECF #42).

- Plaintiff's Motion for a New Trial (FRCVP 59 (a) (1)(B)) [sic] ("Motion for a New Trial"). (ECF #45).

- Defendants' Motion for Sanctions ("Motion for Sanctions"). (ECF #46).

For the reasons given in this Memorandum Opinion, the Court will **DENY** the Motion to Withdraw, **DENY** the Motion for a New Trial, and **DENY** the Motion for Sanctions.

## Background

### I. Factual Background

The merits of plaintiff Adam Hernandez's factual allegations are not at issue in the present motions. For that reason, the Court will provide only a brief summary of his claims for

the purpose of providing context for the much more relevant (to the present motions) procedural history of this case.

Mr. Hernandez alleged that in February 2014 he was in Metropolitan Hospital in San Antonio "for medical treatment of his recorded injuries." (ECF #21 at 3). He claimed that as part of his treatment he received an MRI from a machine "designed, manufactured and/or marketed by one or more of the Siemens Defendants." (*Id.* at 17). This machine, he alleged, was "defectively designed, manufactured and/or marketed" and gave him "severe burns, permanent, painful, and disabling personal injuries. (*Id.*). He brought a personal injury / product liability suit against the defendants on the basis of these allegations. (ECF #1; ECF #9; ECF #21).

## II. Procedural Background

The Court finds it helpful to divide the procedural background of this case into three phases. The first consists of all actions taken from the initial filing of this lawsuit until the dismissal of Mr. Hernandez's original and first proposed amended complaint. The second consists of all actions taken from Mr. Hernandez's refiling of his complaint until this Court's order dismissing the case with prejudice. The third consists of all actions taken since that time.

### A. Phase One

Mr. Hernandez filed his original complaint in the 225th Judicial District Court of Bexar County on February 8, 2016. (ECF #1). Defendant Siemens removed the action to this court on June 13, 2016, and filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF #1; ECF #4). In response to the motion to dismiss, Mr. Hernandez filed several motions for leave to file an amended complaint and a proposed amended complaint. (ECF #9; ECF #14; ECF #15).

Judge Xavier Rodriguez dismissed both the original and the proposed amended complaint on October 17, 2016. (ECF #20). Concerning the original complaint, Judge Rodriguez found that "the only material factual allegations in the complaint are that Hernandez was burned by a defective MRI machine manufactured by Siemens." (ECF #20 at 4). He also found that the proposed amended complaint merely "recites statements of law interspersed with conclusory references to Siemens." (*Id.*). He found these conclusory allegations, which did not include "an explanation of the defect or how it caused [Mr. Hernandez's] injury," to be insufficient under federal pleading standards to sustain a claim. (*Id.* at 6). But Judge Rodriguez did not dismiss the case. Instead, he granted leave for Mr. Hernandez to file a new amended complaint within 14 days that addressed the concerns raised over the sufficiency of the allegations. (*Id.* at 7).

**B. Phase Two**

Mr. Hernandez timely filed a new complaint per Judge Rodriguez's instructions on October 31, 2016. (ECF #21). That same day, he also filed a "supplemental petition" with additional factual allegations. (ECF #22). Three weeks later, the defendants moved to strike the supplemental petition pursuant to Rules 12(f) and 15 and to dismiss the new amended complaint pursuant to Rule 12(b)(6).

Mr. Hernandez never filed a response to these motions. He never amended his complaint again, either. On December 9, 2016, the defendants requested that the Court treat their motions to strike the supplemental petition and to dismiss the new amended complaint as unopposed and to dismiss all claims with prejudice. (ECF #25). For six more months Mr. Hernandez did nothing about these motions.

Finally, on June 1, 2017, Mr. Hernandez filed a "Motion for a Continuance of Hearing and Ruling to Defendant's Motion to Dismiss." (ECF #34). The Court interpreted this motion,

which was largely incomprehensible, as a request for an extension of time either to amend Mr. Hernandez's complaint or to respond to the motion to dismiss in light of "a very recent settlement offer." (ECF #34 at 1; ECF #40). The defendants filed their response to this motion, denying that they had made any settlement offer; accusing plaintiff's counsel of filing the motion for a dilatory purpose; and asserting that Benton Musslewhite, one of Mr. Hernandez's attorneys, was not admitted to practice law before the United States District Court for the Western District of Texas. (ECF #36; ECF #36-1; ECF #36-2). True to form, neither Mr. Hernandez nor his counsel responded to any of these allegations.

Around that same time, Mr. Hernandez also filed a motion to compel the Metropolitan Hospital to produce documents related to the MRI machine. (ECF #39). Mr. Newton B. Schwartz, one of Mr. Hernandez's attorneys, also filed his first motion to withdraw as Mr. Hernandez's counsel, which would "leave[] Benton Musslewhite, Sr. as attorney in charge." (ECF #33 at 4).

After providing ample opportunity for Mr. Hernandez to respond to any of the motions pending against him, this Court finally ruled on all pending motions on June 23, 2017. (ECF #40). In its ruling, the Court did the following (among other things):

- Struck Mr. Hernandez's motion for continuance under Rule 11(a) because it was signed only by Mr. Musslewhite—an attorney not authorized to practice law before this Court. In so ruling, the Court found the motion "not only extremely untimely, but also inappropriate, given counsel's apparent reliance on false statements and the unauthorized practice of law before this Court." (*Id.* at 6–7).
- Struck Mr. Hernandez's supplemental petition in its entirety under Rules 12(f) and 15(a) (all independently sufficient) and for being untimely. (*Id.* at 6).

- Dismissed Mr. Hernandez's amended complaint for failure to state a claim upon which relief could be granted under Rule 12(b)(6). (*Id.* at 7).
- Denied all other motions before the Court as moot (including Mr. Hernandez's motion to compel discovery and Mr. Schwartz's original motion to withdraw as counsel). (*Id.*).
- Dismissed Mr. Hernandez's case with prejudice. (*Id.* at 8).

To be clear, the Court found that plaintiff's counsel had lied to the Court, engaged in the unauthorized practice of law, failed to respond in a timely manner to any of the defendant's motions or responses, and failed to state a cognizable claim despite being given three tries. The dismissal with prejudice should have been the end of the case before this Court. But it was not.

**C. Phase Three**

Beginning on the very day that the Court issued its order that this case be dismissed with prejudice (June 23), a flurry of motions practice began again. That day, Mr. Schwartz submitted his current Motion to Withdraw. (ECF #42). He also filed an attachment to the Motion to Withdraw purporting to show that Mr. Musslewhite's pro hac vice application and filing fee had been submitted. (*Id.* at 2; ECF #42). One month later, Mr. Hernandez (still represented by Messrs. Schwartz and Musslewhite) filed his Motion for a New Trial. (ECF #45). The defendants responded to the Motion for a New Trial one week later, and included in their response a Motion for Sanctions. (ECF #46). These motions are now fully briefed and the Court will address them in turn.

## Mr. Schwartz's Motion to Withdraw

### I. Legal Standard

An attorney may not withdraw as counsel of record in a case unless s/he can demonstrate that certain requirements have been met. Whether these requirements have been met is "entrusted to the sound discretion of the [trial] court." (*In re Wynn*, 889 f.2d 644, 646 (5th Cir. 1989) (internal citation omitted)).

The first requirement is that an attorney may withdraw as counsel only "upon leave of the court and a showing of good cause and reasonable notice to the client." (*Id.*). Second, even if good cause exists, an attorney may withdraw as counsel only if the lawsuit will not be "disrupted by the withdrawal of counsel." (*Broughten v. Voss*,634 F.2d 880, 882 (5th Cir. 1981)). So if the attorney's withdrawal would cause "undue delay in the proceedings, prejudice the client," or otherwise not be in the interests of justice, then the motion for withdrawal should be denied. (*Am. Res. Techs., Inc. v. Oden*, No. 3:13-cv-04419-B, 2014 WL 6884243 (N.D. Tex. Dec. 8, 2014)).

And finally, a withdrawing attorney must comply with any relevant local rules. Local Rule AT-3 governs the withdrawal of attorneys in the Western District of Texas. It says:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

If all of these requirements are met, then an attorney may withdraw.

## II. Analysis

First, Mr. Schwartz makes a showing of good cause for which he should be allowed to withdraw and has he provided his client, Mr. Hernandez, with reasonable notice of his intent to withdraw. Mr. Schwartz asserts that his renewed Motion to Withdraw "renews and reaffirms" his original motion to withdraw from May 15, 2017. (ECF #42 at 1). In the original motion, he claimed that one of the reasons for which he intended to withdraw was because he has "received no payments of any funds for anything from Plaintiff or Benton Musslewhite and I have paid for all expenses in this case." (ECF #33 at 3). Not getting paid in accordance with an agreement between the attorney and the client constitutes good cause for the lawyer to withdraw. (*See* Tex. Disciplinary Rules Prof'l Conduct R. 1.15(b)(5)). For now, the Court will assume that Mr. Schwartz's representations about not receiving due compensation are true. Therefore, the Court finds that Mr. Schwartz has made a showing of good cause for withdrawal. In addition, Mr. Schwartz states that he has spoken with Mr. Hernandez several times about his intent to withdraw and even sent him a copy of his first motion to withdraw. (ECF #42 at 3; ECF #33 at 3). This qualifies as reasonable notice to Mr. Schwartz's client of Mr. Schwartz's intent to withdraw.

Second, the Court thinks this lawsuit will not be disrupted by Mr. Schwartz's withdrawal—this opinion and the orders associated with it will put an end to this lawsuit at the trial level. Therefore, the Court finds that Mr. Schwartz meets the second requirement for withdrawing as counsel in this case.

Third, Mr. Schwartz has not fully complied with Local Rule AT-3. As required by Rule AT-3, Mr. Schwartz has filed a motion specifying the reasons for which he seeks to withdraw. But the Court finds that Mr. Schwartz has not complied with the remainder of Rule AT-3. The remainder of the Rule requires that Mr. Schwartz provide the name and office address of his

successor attorney. Both the original and renewed Motions to Withdraw name Mr. Musslewhite as Mr. Schwartz's only successor. (ECF #42 at 2 ("All future responsibility remains . . . solely again in Benton Musslewhite."); ECF #33 at 3 ("Plaintiff has been and is represented from the outset of his injuries by lead and sole counsel Charles Benton Musslewhite, Sr. who will continue to do so hereafter."). But Mr. Musslewhite, as has already been established, is not admitted to practice law before the Western District of Texas. (ECF #40 at 5–6; ECF #36-1; ECF #36-2).

Mr. Schwartz claims that Mr. Musslewhite's "pro hac vice [a]pplication and $201 filing fee" were filed and paid on June 23, 2017. (ECF #42 at 2). As evidence of this assertion, Mr. Schwartz attached to his motion a scan of an envelope addressed to "Attorney Admissions" at the San Antonio federal courthouse. (*Id.*). Mr. Schwartz should be ashamed of submitting such flimsy evidence to this Court. There is no scan or other proof of the contents of the envelope. There is no motion for admission pro hac vice reflected on the Court's docket. Ultimately, the Court has received neither an electronic nor a hard-copy motion for Mr. Musslewhite to be admitted pro hac vice—a scan of the front of an envelope cannot change this because an envelope is not a motion. The Court cannot grant or deny a motion that it does not have.

So Mr. Musslewhite has not been admitted to practice law in the Western District of Texas. This means that Mr. Schwartz is attempting to name a successor whose actions before this Court would constitute (and previously have constituted) the unauthorized practice of law. This will not do. Naming as successor an attorney ineligible to practice is no better than naming no successor at all. And so the Court will hold Mr. Schwartz's petition to the same standard as if he had named no successor.

When the successor attorney is not known, the motion to withdraw must, per Rule AT-3, provide "the client's name, address, and telephone number" and "bear either the client's

signature" or a detailed explanation of why the signature could not be obtained. Neither Mr. Schwartz's original nor his renewed Motion to Withdraw contains Mr. Hernandez's phone number and neither bears either Mr. Hernandez's signature or a detailed explanation of why Mr. Schwartz could not get it. Therefore, Mr. Schwartz's Motion to Withdraw fails to meet the requirements of Local Rule AT-3.

Because Mr. Schwartz's Motion to Withdraw does not meet all of the requirements, the Court will **DENY** the motion.

## Plaintiff's Motion for a New Trial

Mr. Hernandez moves this Court for a New Trial pursuant to Rule 59(a)(1)(B). (ECF #45). For reasons the Court will explain below, the Court will also analyze this motion as if it were a motion under Rule 59(e) to alter or amend this Court's judgment dismissing the case.

### I. Legal Standard

#### A. Motions for New Trials

Motions for new trials are governed by Rule 59 of the Federal Rules of Civil Procedure. It says that a "court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: . . . (b) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." (Fed. R. Civ. P. 59(a)(1)(B)).

#### B. Motions to Alter or Amend a Judgment

Motions to alter or amend a judgment are governed by Rule 59(e). It says that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." (Fed. R. Civ. P. 59(e)). The Fifth Circuit has emphasized that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." (*Templet v. HydroChem Inc.*,367 F.3d 473, 479 (5th cir. 2004) (citing *Clancy v. Emps. Health Ins. Co.*, 101

F.Supp.2d 463, 465 (E.D. La. 2000)); *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. § 2810.1, at 124 (2d ed. 1995)). The purpose of a motion to alter or amend a judgment is not to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." (*Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990))). Rather, its purpose is to "allow[] a party to correct manifest errors of law or fact [in the judgment] or to present newly discovered evidence." (*Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted))).

## II. Analysis

### A. Mr. Hernandez's Motion for a New Trial Pursuant to Rule 59(a)(1)(B)

Mr. Hernandez's Motion for a New Trial is undercut by one very simple fact—there has been no trial on this matter. Rule 59(a)(1)(B) authorizes a court to grant a new trial only "after a nonjury trial." But there has been no nonjury trial in this case. There has been no trial at all. Therefore, the Motion for a New Trial will be **DENIED** insofar as it is actually a motion for a new trial.

### B. Mr. Hernandez's Motion to Alter or Amend the Court's Judgment

Because a Motion for a New Trial is clearly inapplicable to this case, and because Mr. Hernandez's motion contains many arguments more characteristic of a motion for reconsideration than a motion for a new trial, the Court will also analyze Mr. Hernandez's motion as though it were a motion under Rule 59(e) to alter or amend this Court's judgment dismissing with prejudice Mr. Hernandez's case.

The motion submitted by Messrs. Schwartz and Musslewhite is nearly unintelligible. But the Court agrees with the defendants' characterization of the motion as asking the Court to

reverse its order of dismissal and to reopen the case for two reasons: (1) because Mr. Hernandez seeks to compel production of documents from Metropolitan Methodist Hospital for this Court's review and to supplement the record on appeal, and (2) because some of the Federal Rules of Civil Procedure (including Rules 8(a), 12(b)(6), 12(c), and 56(a)) involved in the Court's dismissal of Mr. Hernandez's case are unconstitutional. (ECF #45 at1–4; ECF #46 at 3).

Mr. Hernandez's first basis for seeking to alter or amend the Court's dismissal of his case with prejudice—that he seeks additional production/evidence from the Metropolitan Methodist Hospital—is unpersuasive. It is true that one purpose of a motion under Rule 59(e) is to give the Court the opportunity to reconsider its decision in light of newly discovered evidence. (*Templet*, 367 F.3d at 479). But Mr. Hernandez here is not presenting the Court with newly discovered evidence. Rather, he is asking the Court to help him discover new evidence that he hopes will bolster his case. That is not an appropriate function for a Rule 59(e) motion.

Mr. Hernandez's second basis for seeking to alter the Court's previous judgment—that certain of the Federal Rules of Civil Procedure are unconstitutional—is likewise unpersuasive. If Mr. Hernandez truly believed that dismissing his case under Rule 12(b)(6) for failing to state a claim pursuant to the pleading standards articulated in Rule 8(a) and the Supreme Court's *Twombly* and *Iqbal* decisions was an unconstitutional act, then he had many opportunities to raise that argument before now. For example, he could have raised the argument in a response to any of the motions to dismiss that have been filed in this case. (*E.g.* ECF #4; ECF #21). But he did not, despite having many months to do so after each of the motions to dismiss. And because a motion to alter or amend a judgment is not the proper place to raise novel "legal theories[] or arguments

that could have been offered or raised before the entry of judgment," the Court will not entertain Mr. Hernandez's constitutional arguments now.[1] (*Templet*, 367 F.3d at 479).

Because Mr. Hernandez's motion identifies neither newly discovered evidence nor manifest errors of law for the Court's consideration, the Court will **DENY** the Motion for a New Trial to the extent that it is interpreted to be a motion to alter or amend this Court's previous judgment.

**Defendants' Motion for Sanctions**

The defendants ask the Court to sanction Messrs. Schwartz and Musslewhite in the amount of the defendants' counsel's attorney's fees incurred preparing their response to Mr. Hernandez's Motion for a New Trial. (ECF #46 at 3, 5, 14). They ask that the Court impose sanctions pursuant to Rule 11(c) and pursuant to the Court's inherent authority to sanction attorneys under 28 U.S.C. § 1927. (*Id.* at 5).

The Court declines to impose sanctions at this time. The Court first notes that the defendants did not follow the proper procedures for pursuing sanction pursuant to Rule 11, which requires that a motion for sanctions pursuant to Rule 11 "not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." (Fed. R. Civ. P. 11(c)(2)). But the defendants filed their motion only 7 days after Mr. Hernandez filed the Motion for a New Trial. For that reason, sanctions under Rule 11 are not appropriate.

[1] Even if the Court were to entertain Mr. Hernandez's constitutional arguments, it would find against Mr. Hernandez. The Federal Rules of Civil Procedure are promulgated by the Supreme Court, the ultimate arbiters of constitutionality in our system. As such, it would be an unprecedented move for this Court to find the Supreme Court's own rules to be unconstitutional. Therefore, even if Mr. Hernandez's constitutional arguments had been timely raised, it would not be a "manifest error of law" for the Court to reject Mr. Hernandez's arguments, and a motion to alter or amend the Court's judgment would be denied.

The use of the Court's inherent authority to impose sanctions is purely discretionary. And this Court does not like to impose sanctions absent a showing of maliciousness or bad faith. Messrs. Schwartz and Musslewhite have made many, many errors in the course of this lawsuit—making false representations to the Court, engaging in the unauthorized practice of law, failing to respond to dispositive motions, filing incomprehensible and untimely motions, etc. Despite these failings, the Court does not get the impression that Messrs. Schwartz's and Musslewhite's prosecution of this most recent phase of the case has been malicious or in bad faith[2]—just profoundly incompetent. As such, any punitive measures that Messrs. Schwartz and Musslewhite may deserve is better meted out by the bar than by the Court.

For these reasons, the Court will **DENY** the defendants' motion for sanctions.

[2] That Messrs. Schwartz and Musslewhite made false representations to the Court would normally be evidence enough of bad faith to warrant sanctions. But those misrepresentations were made during an earlier phase of this litigation. The defendants only seek as sanctions their costs incurred responding to Messrs. Schwartz' and Musslewhite's mislabeled and poorly reasoned Motion for a New Trial. And while that motion is horribly drafted and ultimately will be denied, it is not malicious and is not related to Messrs. Schwartz' and Musslewhite's earlier contemptible behavior.

## Conclusion

For the reasons given above, the Court will take the following actions:

- **DENY** Newton B. Schwartz's Motion to Withdraw (ECF #42).
- **DENY** the plaintiff's Motion for a New Trial (ECF #45).
- **DENY** the defendant's Motion for Sanctions (ECF #46).

A separate order will follow.

SIGNED this 27th day of November, 2017.

Royce C. Lamberth
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE